UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


JERRY HAYES                          NUMBER:

VERSUS                               JUDGE

BOSSIER PARISH SHERIFF,
AND DEPUTY LARRY EDWARDS       MAGISTRATE JUDGE:


**COMPLAINT WITH JURY DEMAND**


JURISDICTION

1.      Plaintiff, JERRY HAYES,  brings this cause of action for monetary

damages and declaratory relief pursuant to 42 USC 1983 and 1988, to redress the

deprivation by defendants, their agents, and employees, and others acting in concert

with them under the color of state law, of the plaintiff's rights, privileges and immunities

secured by the Constitution of the United States and by the Constitution and statutes of

the State of Louisiana.

2.      Jurisdiction is invoked pursuant to 28 USC Sections 1331, 1343(a)(1), (2),

(3) and (4).  Plaintiff alleges pendant jurisdiction and supplemental jurisdiction over the

state law claims.

## PARTIES

3.      JERRY HAYES is a citizen of the State of Louisiana and the United States

of America.  He is domiciled in Caddo Parish, Louisiana.  He was previously an inmate

located at the Bossier Parish Medium Security facility located in Bossier Parish,

Louisiana.  He was released during December 2009.

4.      DEPUTY LARRY EDWARDS is a defendant and he is a citizen of the

State of Louisiana and the United States of America.  He is domiciled in Bossier Parish,

Louisiana.  He is sued in his individual and official capacities.

5.      BOSSIER PARISH SHERIFF  is a defendant and is a political subdivision

of the State of Louisiana.  He is domiciled in Bossier Parish, Louisiana.  He is sued in

his official capacity only and as the employer of Edwards under state law.

## FACTS

6.      On or about June 18, 2009,  your petitioner was housed in the Bossier

Parish Sheriff's medium security facility located near Plain Dealing, Bossier Parish,

Louisiana.

7.      On or about June 6, 2009, Plaintiff was in a fight with inmate Robert

Chambers.  As a result of the fight both inmates were placed in isolation for discipline,

in separate cells.

8.      On or about June 18, 2009, Deputy Larry Edwards entered the isolation

cell of Plaintiff Hayes.  Edwards without any factual grounds to justify it, handcuffed

Hayes.  Edwards then beat Hayes without any justification.  Hayes was beaten unconscious.

9.      Hayes suffered serious injuries to his wrist, ribs, leg, and other parts of his body.  The beating caused such injuries that the beating meets the definition of a crime of violence as defined by Title 14 of the Louisiana criminal code, specifically second degree battery and because physical force was used, was threatened and attempted to be used.  Hayes was knocked unconscious.

10.     Based upon information and belief, the beating stopped because another deputy observed it and reported same.

11.     Inmate Chambers was also beaten by another deputy, Lt. Lyles, at the same time as Hayes.

12.     Edwards was released from the employment of the Bossier Parish Sheriff after an investigation of this incident.  The deputy who beat inmate Chambers was likewise released.

13.     The investigation into the beating revealed a group of deputies who randomly beat inmates.  This group was known to supervisors who failed take any disciplinary action in reaction to the knowledge.  The group of supervisors tolerated and permitted the random  beatings of inmates without legal justification.

14.  The injury and force administered by Edwards to Hayes was in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution.

15.     At no time did your petitioner physically threaten Edwards nor did your petitioner attempt to harm the defendant guard or any third persons, nor did he attempt to escape or attempt damage to property.  Your petitioner was unarmed.  At the time he was battered by Edwards, Hayes was subdued and compliant.

16.     Based upon information and belief, defendant guard Edwards and other guards have similarly struck other inmates  without provocation or just cause; however, no adequate investigation or remedial actions has ever been taken against them until this incident.  Nor has the warden taken adequate disciplinary measures against them despite that the warden has knowledge of and is in a position to be aware of constitutional violations committed by Edwards and other correctional guards.  Warden knew or should have know of pervasive physical abuse administered by guards of inmates.

17.     Warden, the final decision maker for the Bossier Parish Sheriff relative to discipline of correctional officers deliberately disregarded and was indifferent to the constitutional violations committed  by Edwards and other guards at the medium security facility; said disregard and indifference encouraged widespread inmate abuse and coverups of abuse and said disregard and indifference were the motivating forces behind the use of excessive force used by defendants against your petitioner.

### COUNT ONE:  EXCESSIVE FORCE AND BATTERY

18.     Your petitioner incorporates paragraphs 1-17 as though fully set forth

herein.

19.     Edwards' use of force against your petitioner violated Plaintiff's rights under the Eighth and Fourteenth Amendments

20.     The excessive use of force by Edwards against Hayes also violated Louisiana Civil Code Article 2315 when Edwards assaulted and battered Edwards.

<u>COUNT TWO: SHERIFF, DELIBERATE INDIFFERENCE</u>

21.     Your petitioner incorporates paragraphs 1-20 as though fully set forth herein.

22.     The Warden, the final decision-maker and policy maker of the Sheriff at the Bossier Parish Sheriff's medium security facility  failed to discipline or investigate past acts of use of excessive force was a cause of the acts of Edwards against your petitioner and thus violated Plaintiff's rights under the Eighth and Fourteenth Amendments. A practice existed, tolerated by the Sheriff or his policy makers of using excessive use of force on prisoners to discipline and control them.

<u>COUNT THREE: SHERIFF, DUE PROCESS</u>

23.     Your petitioner incorporates paragraphs 1-22 as though fully set forth herein.

24.     The Warden failed to effectively establish and enforce a policy relative to the administration of punishment so as to require that hearings be held before administering routine punishment.  Nor did the Warden effectively discipline guards who

violated the policy nor did the warden effectively establish an inmates right to file and

present grievances.

25.     Plaintiff filed a grievance concerning the beating in this case.  However, the

grievance was denied simply because Plaintiff failed to specify the relief he desired.

### COUNT FOUR: STATE LAW CLAIMS

26.     Your petitioner incorporates paragraphs 1-25 as though fully set forth

herein.

27.     Your Petitioner brings suit under Louisiana state law for battery, excessive

use of force, failure to provide due process and failure to provide adequate medical care

pursuant to La. C.C. art. 2315 and the 1974 Louisiana Constitution.  The Bossier Parish

sheriff is made a deendant herein because Edwards was acting in the course and scope

of his employment at the time he battered Hayes.

### MISCELLANEOUS

28.     As a result of the above described injuries, your petitioner is entitled to

general compensatory damages for past and future pain and suffering, mental distress,

loss of enjoyment of life, reduced earning capacity, inconvenience, and embarrassment

as well as special damages for past and future medical expenses.

29.     Additionally, your petitioner, should he succeed, will be entitled to an award

of reasonable attorney fees, court costs,  and litigation expenses plus judicial interest.

30.     Your petitioner is entitled to punitive damages against Edwards because

he acted with deliberate indifference as to your petitioner's federally protected rights.

31.   Your Petitioner exhausted all administrative remedies by filing an ARP on the battery and excessive use of force. Hayes' ARP was denied only because no particular remedy was requested.

32.   Your Petitioner is entitled to a trial by jury.

33.   Your Petitioner is unable to pay the costs of court in advance, as they accrue or to advance a deposit for the costs.  He is a citizen of the State of Louisiana and is domiciled therein.  He is entitled to proceed in this case in forma pauperis.

WHEREFORE, JERRY HAYES prays that:

I.   There judgment herein in his favor and against the BOSSIER PARISH SHERIFF AND DEPUTY EDWARDS, in solido, for a reasonable sum, including compensatory damages, consequential damages and punitive damages against Edwards only plus all attorney fees, court costs, litigation expenses and judicial interest for violation of Petitioner's U.S. Constitutional rights.

II.   There be judgment in his favor and against the BOSSIER PARISH SHERIFF and DEPUTY EDWARDS declaring their acts to be a constitutional violation, violating your petitioner's Eighth and Fourteenth Amendment Rights.

III.   He granted a trial by jury.

IV.   He be permitted leave of court to proceed informa pauperis.

Respectfully Submitted,


/s/ Nelson W. Cameron


Nelson W. Cameron La Bar No. 01283
Attorney At Law
675 Jordan Street
Shreveport, Louisiana  71101
Telephone: (318) 226-0111
Fax:         (318) 226-0760

**Attorney for Jerry Hayes, Petitioner**